IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MANUEL LEE MACIAS HUNT,** <br> Petitioner, <br> v. <br> **JOHN S. SOMERS, et. al.** <br> Respondents. | Case No. 1:16-cv-00212 MJS (HC) <br><br> **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** <br><br> **30 DAY DEADLINE** |

    Petitioner is a state prisoner proceeding *pro se* with an action for writ of personal replevin.

    Petitioner filed the instant action on February 11, 2016. (Pet., ECF No. 1.) Petitioner seeks relief in the form of a writ of replevin, where Petitioner alleges that he, personally, is the collateral to his debts, and that he should be discharged and released from custody. As Petitioner is a prisoner proceeding *pro se*, the Court shall screen the petition.

1

## I. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974. Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. **DISCUSSION**

Plaintiff alleges that the Superior Court of Kern County imposed a criminal sentence on his person, when the actual defendant in the case was a fictitious corporate entity, and that Petitioner is only the secured property of defendant. Plaintiff seeks a "writ of replevin" restoring the collateral, in this case his person, thereby providing his release from prison.

Although Petitioner contends that his action is based on the Uniform Commercial Code and other federal authority, the Court finds that he has not alleged any basis for

---

this Court's jurisdiction over this case. He does not assert any plausible violation of federal law, and his allegations do not raise a federal question. See 28 U.S.C. § 1331. In addition, as Defendant and Plaintiff are both located in California, there is no diversity jurisdiction. See 28 U.S.C. § 1332.

Instead of invoking the remedy of habeas corpus, Petitioner purports to seek a writ of "personal replevin," which in substance is the same thing. Personal replevin has been largely superseded by the writ of habeas corpus as a means of investigating the legality of an imprisonment." Black's Law Dictionary 1302 (7th ed. 1999). No reported federal case known to the Court in the last century has entertained the merits of any such petition for personal replevin. To the extent he seeks release from custody, Petitioner must do so in a petition for a writ of habeas corpus after he has exhausted his claims in the California Supreme Court. See Skinner v. Switzer, 562 U.S. 521, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement).

Accordingly, Petitioner may resubmit his petition as one for a writ of habeas corpus. If he chooses to do so, he must do so within 30 days of the filing date of this order and must employ this District's required form, which will be provided with this order.

Otherwise, to the extent Plaintiff believes that a fine or lien issued by the court of conviction violate state law, he may bring an action in state court. Plaintiff should also be aware that while he may challenge his custody in a federal habeas petition, he may not challenge the imposition of a fine. See Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

### III. ORDER

It is ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this order to submit an amended petition. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing petitions under 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   February 29, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

4